**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ROBERT DUBOIS | : | 3:23-00470-JAM |
| | : | |
| *Plaintiff*, | : | |
| | : | |
| v | : | |
| | : | |
| AIR & LIQUID SYSTEMS, INC., ET AL., | : | MAY 2, 2023 |
| | : | |
| *Defendants*. | : | |

**DEFENDANT GENERAL ELECTRIC COMPANY'S ANSWER, AFFIRMATIVE DEFENSES, CROSS CLAIM, AND ANSWER TO CROSS CLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant General Electric Company ("Defendant") hereby responds to the allegations of

Plaintiff Robert Dubois' Complaint dated January 24, 2023 as follows:

**COUNT I**

**(Product liability as against all defendants)**

1.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 and, as such, leaves Plaintiff to his proof.

2.      Defendant denies the allegations in Paragraph 2.

3.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 3 and, as such, leaves Plaintiff to his proof.

4.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4 and, as such, leaves Plaintiff to his proof.

5.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 5 and, as such, leaves Plaintiff to his proof.

6.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 6 and, as such, leaves Plaintiff to his proof.

7.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7 and, as such, leaves Plaintiff to his proof.

8.      Defendant denies the allegations in Paragraph 8.

9.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9 and, as such, leaves Plaintiff to his proof.

10.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10, and, as such, leaves Plaintiff to his proof.

11.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 and, as such, leaves Plaintiff to his proof.

12.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12 and, as such, leaves Plaintiff to his proof.

13.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13 and, as such, leaves Plaintiff to his proof.

14.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 14 and, as such, leaves Plaintiff to his proof.

15.      Defendant denies the allegations of Paragraph 15 and its subparts.

16.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 16 and, as such, leaves Plaintiff to his proof.

17.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 17 and, as such, leaves Plaintiff to his proof.

18.      Defendant is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations of Paragraph 18 and, as such, leaves Plaintiff to his proof.

19.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 19 and, as such, leaves Plaintiff to his proof.

20.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 20 and, as such, leaves Plaintiff to his proof.

21.     Defendant denies the allegations of Paragraph 21.

22.     Defendant denies the allegations of Paragraph 22.

## COUNT II

### (Recklessness as to all Defendants)

1-22.   Defendant repeats and incorporates by reference its responses to Paragraphs 1-22 of Count I as if fully set forth herein.

23.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 24 and, as such, leaves Plaintiff to his proof.

24.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 25 and, as such, leaves Plaintiff to his proof.

25.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 26 and, as such, leaves Plaintiff to his proof.

26.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 27 and, as such, leaves Plaintiff to his proof.

27.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 28 and, as such, leaves Plaintiff to his proof.

Defendant denies that Plaintiff is entitled to the relief requested in the Wherefore Clause that follows Paragraph 28 of Count II of Plaintiff's Complaint.

ME1 40841998v.1

## AFFIRMATIVE DEFENSES AS TO ALL COUNTS

### FIRST AFFIRMATIVE DEFENSE

Each and every material allegation of the Complaint is denied except as specifically admitted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to the damages claimed or to the relief requested.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred by the applicable statute of repose.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' breach of warranty claims are barred for lack of privity.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' warranty claims are barred by reason of the failure of Plaintiffs to give reasonable notice of the alleged breaches.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injury or damage was not caused by any act or omission of this Defendant. Such injury or damage, if any, was caused by the intervening act(s) or omission(s) of persons or entities other than this Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over this Defendant.

### NINTH AFFIRMATIVE DEFENSE

Each and every count of Plaintiffs' Complaint fails to state a cause of action for which

4

relief can be granted.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join all necessary parties for the just adjudication of this matter and has further omitted reason for such failure.

## ELEVENTH AFFIRMATIVE DEFENSE

Service of process on this Defendant was improper and insufficient.

## TWELFTH AFFIRMATIVE DEFENSE

The doctrine of strict liability in tort is inapplicable to Plaintiffs' claims against this Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs willingly, knowingly and voluntarily assumed the risk of the alleged injuries for which relief is now sought.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs were not in the exercise of due care and the negligence of Plaintiffs contributed to or caused the injury or damage complained of in whole or in part.

## FIFTEENTH AFFIRMATIVE DEFENSE

If Plaintiffs have settled with and/or released other defendants or entities who are tortfeasors, this Defendant is entitled to a reduction of any judgment, either in the total of all the settlement amounts or the pro-rata share of fault of said tortfeasors as determined by the Court or jury - whichever is greater.

## SIXTEENTH AFFIRMATIVE DEFENSE

The products of this Defendant from which Plaintiffs claim injury or damage were

ME1 40841998v.1

materially altered after the sale of said product.

### SEVENTEENTH AFFIRMATIVE DEFENSE

This Defendant is not liable as a matter of law because its product was manufactured in accordance with contract specifications of a third-party.

### EIGHTEENTH AFFIRMATIVE DEFENSE

This Defendant is not liable as a matter of law because its product was manufactured in accordance with contract specification of the United States government.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against this Defendant are barred by the exclusivity provision of the Connecticut Workers' Compensation Act, Conn. Gen. Stat. § 31-284.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries and damages were cause by the abnormal and unintended use of this Defendant's product(s).

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' employer and/or the purchaser of this Defendant's product(s) possessed a high degree of knowledge and sophistication and had equal or superior means and ability to appreciate and warn of any hazards concerning the use of this Defendant's product(s).

### TWENTY-SECOND AFFIRMATIVE DEFENSE

At all relevant times the state of medical and scientific knowledge and the state of art and design and manufacture of Defendant's products was such that this Defendant neither knew or should have known that any of its products presented a health risk.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs have released, settled, entered into an accord and satisfaction or otherwise

ME1 40841998v.1

compromised the claims herein.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The imposition of punitive damages as to this Defendant would violate public policy and our United States Constitution as the imposition of punitive damages will serve no deterrent effect and would be duplicative and excessive in nature.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate or otherwise act to lessen or reduce the injuries and damages alleged in Plaintiffs' Complaint.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

This Defendant gave no warranties, express or implied, to Plaintiffs or to anyone acting on Plaintiffs' behalf.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

As a bulk supplier of a product, this Defendant reasonably relied on purchasers and/or intermediaries to warn of risks or hazards associated with the product.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

This Defendant cannot be held responsible for products manufactured, sold and distributed by third-parties over which this Defendant had no responsibility or control.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs knew or reasonably should have known of the potential dangers associated with this Defendant's products and, therefore, this Defendant's alleged failure to warn Plaintiffs has no causal connection to Plaintiffs' injuries.

ME1 40841998v.1

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' alleged exposure to asbestos as a result of working with or around this Defendant's product(s) - which this Defendant vigorously denies - was so minimal as to be insufficient to establish a reasonable degree of probability that the product(s) caused Plaintiffs' alleged injuries.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

This Defendant is entitled to a set-off of any verdict in the amount of compensation Plaintiffs have received as a result of any claim for workers' compensation benefits.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of estoppel and waiver.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

This Defendant denies that it manufactured, sold, or distributed any products which allegedly caused Plaintiffs' injuries.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' employer was in control and possession of Plaintiffs' worksite and responsible for maintaining a safe work environment, to the exclusion of this Defendant, and failed to do so, thereby breaking the chain of causation between this Defendant and Plaintiffs' alleged injuries.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff was a user of tobacco products despite being aware of the dangers of using such products and such use caused or contributed to any injuries or damages Plaintiffs seek compensation for in this matter.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint should be dismissed because it was filed in an improper venue.

8

ME1 40841998v.1

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint should be dismissed pursuant to the doctrine of forum non-conveniens.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

To the extent that there is a prior pending action between the parties, this case should be dismissed as a matter of law.

**FORTIETH AFFIRMATIVE DEFENSE**

Pursuant to Connecticut choice of law principles, the law of Connecticut is inapplicable and the law of an alternate forum should be applied.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

This Defendant reserves the right to assert any and all applicable affirmative defenses that discovery may reveal as appropriate.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

This Defendant avails itself of and adopts such other defenses as raised by any other defendant as may be appropriate.

ME1 40841998v.1

## CROSS CLAIM OF DEFENDANT/CROSS CLAIM PLAINTIFF GENERAL ELECTRIC COMPANY AGAINST ALL DEFENDANTS AND THIRD-PARTY DEFENDANTS

1.      Although Defendant/Cross Claim Plaintiff General Electric Company denies all the claims set forth in Plaintiff's Complaint, in the event that General Electric Company is found liable to Plaintiff, then all other Defendants in this matter, whether direct or by third-party complaints (hereinafter "said Defendants" or "Cross Claim Defendants"), are liable for equitable contribution and/or statutory contribution pursuant to Conn. Gen. Stat §52-572o, and/or allocation of fault.

2.      General Electric Company adopts, for purposes of this Cross Claim, all allegations set forth in Plaintiff's Complaint or related third-party complaints against said Defendants.

3.      Only in the event that General Electric Company is found liable to Plaintiff, in whole or in part, then Cross Claim Defendants are liable to General Electric Company for all or part of Plaintiff's claimed damages.

WHEREFORE, Defendant/Cross Claim Plaintiff General Electric Company claims:

a)      contribution for Plaintiff's alleged damages pursuant  to Conn. Gen. Stat. §52-572o;

b)      equitable contribution from Cross Claim Defendants for their share of any judgment rendered in favor of Plaintiff;

c)      an allocation of responsibility among Defendants; and

d)      such other relief as the Court may deem just and proper.

ME1 40841998v.1

## ANSWER TO ANY AND ALL CROSS CLAIMS AGAINST
## DEFENDANT/CROSS CLAIM DEFENDANT GENERAL ELECTRIC COMPANY

Defendant/Cross Claim Defendant General Electric Company denies each and every allegation of each and every cross claim that was or hereinafter may be filed against General Electric Company by any co-Defendants or Third-Party Defendants.

DEFENDANT,
GENERAL ELECTRIC COMPANY

By:      */s/ Catherine A. Mohan*
        Catherine A. Mohan
        McCarter & English, LLP.
        185 Asylum Street, 36th Floor
        Hartford, CT 06103
        Juris #419091
        Tel: (860) 275-6700
        Fax: (860) 724-3397

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2023, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated below. Parties may access this filing through the Court's CM/ECF System.

By:      /s/ Catherine A. Mohan
        Catherine A. Mohan

11

ME1 40841998v.1